UNITED STATES (BLY v.). See Case No. 1,581.

---

## Case No. 14,616.

### UNITED STATES v. BOGART.

[3 Ben. 257.] [1]

District Court, E. D. New York. May, 1869.

NAVY—PAYMASTER'S CLERK—EMBEZZLEMENT.

A paymaster's clerk in the navy is "a person in the naval forces of the United States," within the meaning of the first section of the act of March 2d, 1863 (12 Stat. 696), and if he embezzles funds of the United States, he is not liable to the penalty provided in the third section of that act, but is liable for the amount embezzled.

[This was an action at law by the United States against Robert D. Bogart.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BENEDICT, District Judge. This case comes before the court on a motion for judgment on a verdict, taken subject to the opinion of the court. The action is brought in behalf of the United States, against the defendant, who was a paymaster's clerk in the United States navy, and a recovery is claimed under the provisions of the act of March 2d, 1863 (12 Stat. 696).

This statute provides, in the 1st section, among other things, that any person in the land or naval forces of the United States, or in the militia in actual service, who shall steal, embezzle, or knowingly and willfully misappropriate, or apply to his own use or benefit, any money or other property of the United States, shall be deemed guilty of a criminal offence, and shall be subject to trial and punishment by a court-martial, in the manner provided by the act. In the 3d section of the act, it is further provided, that any person not in the military or naval forces of the United States, nor in the militia called into or actively employed in the service of the United States, who shall do or commit any of the acts prohibited in the 1st section, shall forfeit and pay to the United States, the sum of $2,000, and, in addition, double the amount of damages, which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit; and such forfeiture and damages shall be sued for in the same suit.

Upon the trial of the cause, evidence was given on the part of the government, showing that the defendant was a paymaster's clerk, on board the receiving ship Vermont, and that, while acting in that capacity, he converted to his own use certain moneys belonging to the United States; and the jury, under objections on the part of the defendant, were instructed to bring in a verdict for the sum of $2,000, and, in addition, double the amount of damages which they found the government to have sustained by reason of the acts of the defendant; reserving for the opinion of the court the question of the applicability of the 3d section of the act of March 2d, 1863, to a person holding the position which the defendant did.

The question thus reserved I have now considered, and am of the opinion that the ruling at the trial cannot be sustained.

The defendant was shown to be a paymaster's clerk, regularly appointed as such, and at the time in question in actual service on board the national ship Vermont. In this capacity, he had charge of certain funds of the United States, to be used by him in payment of seamen and other persons on the pay rolls of the navy, which he converted to his own use.

Persons holding such positions, are appointed by virtue of a statute providing for the organization of the navy. They are required to wear the uniform of the navy.

They are upon the pay rolls of the navy, and draw pay as part of the naval forces. They have a rank in the navy. They are compelled to bind themselves to be governed by the laws and regulations for the government of the navy, and I cannot doubt that they would be held liable to trial by court-martial.

The 3d section of the act of 1863, is only applicable to persons not in the military or naval forces of the United States, and cannot be held applicable to persons who would be liable to trial by court-martial, under the 1st section.

In the case of a paymaster's clerk in the army, arrested for trial before a court-martial, for acts prohibited by the 1st section of the act of March 2d, 1863, it has been held that such a person was in the military service, and liable to trial by a military tribunal, and not entitled to be discharged on habeas corpus. In re Thomas [Case No. 13.888].

I can see no ground for a distinction between the army and the navy, in regard to the status of this officer, and must hold that the defendant was in the naval forces of the United States, and liable to trial by court-martial as such. If the defendant was in the naval forces, he is not liable to the penalties prescribed by the 3d section of the act of March 2d, 1863, and the verdict therefore being for $2,000, and, in addition, double the amount of damages proved, according to the provisions of the 3d section of that act, does not warrant judgment for that amount.

There must, accordingly, be a new trial, unless the government consent to reduce the verdict to the amount of actual damages, as proved.